**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000166
31-MAY-2017
08:16 AM**

NO. CAAP-16-0000166

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KIM T. SANICO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-15-01416)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

After a bench trial, the District Court of the Second Circuit (District Court)[1] found Defendant-Appellant Kim T. Sanico (Sanico) guilty of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and (b)(1) (2007 & Supp. 2016).[2] Sanico appeals from the Judgment entered by the District Court on February 19, 2016.[3]

---

[1] The Honorable Adrianne N. Heely presided.

[2] HRS § 291E-61(a)(1) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3] In his notice of appeal, Sanico also lists the District Court's "Decision and Order Denying Defendant's Motion for New Trial," which was filed on February 29, 2016, as an order from which he appeals. However, Sanico does not raise a challenge to this order in his briefing on appeal, and we therefore do not address it.

On appeal, Sanico contends that: (1) there was insufficient evidence to support his conviction; and (2) the District Court failed to obtain a valid waiver of his right to testify as required by <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995). For the reasons discussed below, we vacate the District Court's Judgment and remand the case for a new trial.

I.

We resolve the arguments raised by Sanico on appeal as follows:

1. There was sufficient evidence to support Sanico's OVUII conviction.

Plaintiff-Appellee State of Hawai'i (State) presented evidence that a police officer observed Sanico's car traveling at a high speed, faster than the posted speed limit, and then change lanes without using a turn signal. When the officer used his flashing blue lights and siren to effect a traffic stop of Sanico's car, the car swerved to the right and then "came to an abrupt stop," which caused the officer to "stomp on [his] brakes" to avoid rear-ending Sanico's car.

The officer approached Sanico's car and interacted with Sanico. The officer observed that Sanico's eyes were bloodshot and that Sanico had "a red flushed facial feature[.]" The officer detected the "odor of liquor" emanating from Sanico's breath. In conducting the field sobriety tests, the officer observed that Sanico displayed six clues of impairment during the Horizontal Gaze Nystagmus (HGN) test. On the walk-and-turn test, Sanico started too soon, missed heel-to-toe on one step, lost his balance when turning, and failed to perform the turn as instructed. Sanico did not show signs of impairment in performing the one-leg-stand test. The officer testified that it was his opinion that Sanico "was unable to continue to operate a vehicle safely upon a public roadway."

When viewed in the light most favorable to the prosecution, <u>State v. Richie</u>, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that the State presented sufficient

2

evidence to support Sanico's OVUII conviction. The officer's observation of Sanico's driving, the odor of liquor emanating from Sanico's breath and his facial features, and Sanico's performance on the field sobriety tests provided substantial evidence to support the District Court's finding that Sanico was guilty of OVUII.[4]

2. The State concedes that the District Court failed to obtain a valid waiver of Sanico's right to testify as required by Tachibana. We agree with this concession of error. The

---

[4] We note that Sanico argues in his opening brief that we should disregard the results of the HGN test because "[a]s the Hawaiʻi Supreme Court has previously held, evidence of the results of the HGN test are admissible only for purposes of determining probable cause for arrest and not as substantive evidence of intoxication. State v. Mitchell, 94 Hawaiʻi 388, 396-97, 15 P.3d 314, 322-23 (App. 2000)." Sanico's Opening Brief at 25. Sanico's citation of Mitchell for the proposition that the Hawaiʻi Supreme Court has previously held that the results of the HGN test are not admissible as substantive evidence of intoxication is inaccurate. First, Mitchell is not a decision of the Hawaiʻi Supreme Court, but a decision of the Intermediate Court of Appeals. More importantly, Mitchell did not decide the issue of whether the results of the HGN test are admissible as substantive evidence of intoxication. In Mitchell, this court concluded that the trial court erred in admitting the officer's opinion about the defendant's performance on the HGN test because the State had failed to lay a proper foundation for the officer's opinion, and not because HGN test results are inadmissible as substantive evidence of intoxication. Mitchell, 94 Hawaiʻi at 397-98, 15 P.3d at 323-24.

In State v. Ito, 90 Hawaiʻi 225, 241, 978 P.2d 191, 207 (App. 1999), this court held that HGN test results were sufficiently reliable to be admitted as evidence that police had probable cause to believe that a defendant was driving under the influence of intoxicating liquor. Because the issue of whether HGN test results "are admissible at trial as evidence of a defendant's intoxication" was not presented in Ito, we did not decide the issue. Ito, 90 Hawaiʻi at 241, 978 P.2d at 207. Contrary to Sanico's assertion, there is no holding by the Hawaiʻi Supreme Court or this court that HGN test results are not admissible as substantive evidence of intoxication, as this issue remains to be decided.

Here, Sanico acknowledges that he "did not object [at trial] to the officer's testimony regarding the [HGN test] results and the officer's opinion on Sanico's performance." Sanico therefore waived his ability to challenge the District Court's consideration of such evidence on appeal. See State v. Wallace, 80 Hawaiʻi 382, 410, 910 P.2d 695, 723 (1996) (concluding that the defendant's challenge to testimony based on lack of foundation was waived for failure to object at trial on this basis); State v. Samuel, 74 Haw. 141, 147, 838 P.2d 1374, 1378 (1992) ("The general rule is that evidence to which no objection has been made may properly be considered by the trier of fact and its admission will not constitute grounds for reversal."); State v. Kassebeer, 118 Hawaiʻi 493, 505, 193 P.3d 409, 421 (2008) (holding that the defendant waived the right to challenge testimony relating to a handgun due to his failure to object). In any event, we conclude that the evidence was sufficient even without considering the HGN test results.

District Court's <u>Tachibana</u> advisement was deficient. The District Court did not advise Sanico, or obtain any assurance that he understood, that if he wanted to testify, no one could prevent him from doing so. <u>See</u> <u>Tachibana</u>, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7. We cannot say that this error was harmless beyond a reasonable doubt. <u>See</u> <u>State v. Hoang</u>, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000).

II.

Based on the foregoing, we vacate the District Court's Judgment and remand the case for a new trial on the charge against Sanico for OVUII, in violation of HRS §§ 291E-61(a)(1) and (b)(1).

DATED: Honolulu, Hawai'i, May 31, 2017.

On the briefs:

Charles M. Cryan
Deputy Public Defender
for Defendant-Appellant.

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

4